UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| LISA CARRELL,<br><br>    Plaintiff(s),<br><br>v.<br><br>BUC-EE'S TENNESSEE, LLC and BUC-EE'S, LTD.,<br><br>    Defendant(s). | Case No. 2:24-CV-00080<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## JOINT PROPOSED INITIAL CASE MANAGEMENT ORDER

Pursuant to this Court's Local Rule 16.01, counsel for all parties have met and conferred to discuss the matters addressed in Federal Rule of Civil Procedure 26(f). Agreements reached by counsel or the parties' differing positions are memorialized in this joint proposed initial case management order, which reflects the case management preferences of Magistrate Judge Newbern and the presiding District Judge.

A calendar date shall be proposed for each deadline.

**A.**      **JURISDICTION:** The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

**B.**      **BRIEF THEORIES OF THE PARTIES:**

**PLAINTIFF:**

Lisa Carrell was seriously injured when she tripped and fell over a wheel stop located in a handicap parking spot of the main entrance at the Buc-ee's in Crossville, Tennessee. She broke the 4th middle phalanx finger and dislocated the 3rd PIP joint (middle finger) on her right hand, which required surgery, a lengthy convalescence and resulted in permanent loss of function in her hand. Wheel stops are the small barriers at the end of a parking space that prevent

vehicle encroachment. There was also a bollard, which is a steel tube filled with concrete. This bollard also held a handicap parking sign. Either a wheel stop or a bollard was sufficient to prevent vehicle encroachment. Because there was a bollard in this location, the wheel stop could have been omitted. The wheel stop Ms. Carrell fell over was located approximately 7 5/8th inches from the bollard. The wheel stop served no function. It was so close to the bollard a vehicle would strike the bollard before the tires reached the wheel stop. Wheel stops are known trip hazards. Buc-ee's placed a trip hazard in the exact location where customers must enter and exit the building. Buc-ee's has multiple stores which have generally the same design of wheel stops and bollards in the handicap parking spaces at the entrances. Because of the uniformity of design, instances of customers tripping on wheel stops at Buc-ee's stores in other locations is relevant. Notice of previous trip or fall incidents reported to a central office of Buc-ee's in Texas put Buc-ee's on notice of the hazard created by the wheel stops. The existence of a number of other incidents of customers tripping over wheel stops was sufficient to give Buc-ee's actual knowledge of the unsafe condition. The likelihood of customers falling over wheel stops was reasonably foreseeable. Buc-ee's was required to use due care. Although a wheel stop is one permitted method to prevent vehicle encroachment, Buc-ee's knowledge of other trips and falls was sufficient to create a duty to take reasonable steps to remedy the dangerous condition. The remedy would have been to remove the wheel stops and use only the bollards, which did not constitute a trip hazard. The foreseeability and gravity of the harm posed by Buc-ee's conduct outweighed the slight burden upon Buc-ee's to engage in the alternative conduct of removing the wheel stops.

**DEFENDANT:**

Plaintiff tripped and fell as she was leaving the Buc-ee's store located at 2045 Genesis Rd., Crossville, Tennessee (the "Subject Buc-ee's") on or around December 2, 2023.

Plaintiff seemingly tripped over a conspicuous, bright blue "wheel stop" located within a handicap parking space located near the front entrance/exit of the Subject Buc-ee's. In order to enter the area with the relevant wheel stop (*i.e.*, the handicap parking spot), Plaintiff walked outside of the wide, diagonally-marked pedestrian throughway intended for ingress/egress to the front entrance/exit of the Subject Buc-ee's. Defendants deny any liability for Plaintiff's alleged injuries and damages. There was no unsafe, dangerous, or defective condition at the Subject Buc-ee's and Plaintiff's trip and fall was not foreseeable. Plaintiff's damages, if any, occurred as a result of her own failure to exercise reasonable care rather than any alleged negligence of Defendants. *Inter alia*, Plaintiff was not paying attention to where she was walking at the time of her alleged trip and fall injury. Consistent with the foregoing, Plaintiff's claims are also barred under the doctrine of comparative negligence because Plaintiff was fifty percent (50%) or more at fault.

    **C.    ISSUES RESOLVED:**

Jurisdiction, venue, and service of process.

    **D.    ISSUES STILL IN DISPUTE:**.

All issues of liability and damages are in dispute.

    **E.    INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **February 18, 2025**.

    **F.    CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

*Chief Judge Crenshaw:* The parties shall develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. The first attempt shall occur no later than 120 days from the initial case management conference, which is **June 3, 2025**. By no later than that date, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The report shall state the specific steps taken toward case

resolution, including that an offer or demand has been made and responded to and that counsel have discussed the parties' positions. The parties shall have conducted enough discovery or otherwise exchanged sufficient information to evaluate and discuss settlement substantively. The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of this requirement. If the parties request referral for pro bono mediation or to a Magistrate Judge for a judicial settlement conference, they must make that request by motion. The motion shall include a statement as to why private mediation is not feasible and, if a judicial settlement conference is requested, why that is the preferable means of resolving the particular case. An updated joint report, including whether the parties have scheduled mediation or another form of ADR, shall be filed no later than 60 days before the deadline for the filing of dispositive motions.

*Magistrate Judge Newbern:* The parties may request referral to a member of the Court's ADR Panel for pro bono mediation by filing a motion that states why private mediation is not feasible and why referral to a mediator will materially advance the resolution of the case.

### G. DISCOVERY:

The parties shall complete all written discovery and depose all fact witnesses on or before **August 18, 2025**. Written discovery shall proceed promptly (unless otherwise provided for herein) and shall be served no later than **July 7, 2025**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

*Chief Judge Crenshaw:* No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s).

*Magistrate Judge Newbern:* If the parties are unable to resolve a discovery dispute after conferring in good faith as required by the Court's Local Rule 37.01 and the District Judge's case management preferences, counsel shall file a motion for resolution of a discovery dispute to request a discovery dispute telephone conference. Not later than two days before the conference,

the parties shall file a joint statement of the discovery dispute that states the particular requests or responses at issue, summarizes counsel's good-faith discussions, and briefly addresses the parties' positions. Each party's position statement shall be limited to no more than three pages per issue. The parties may attach documents for review that will be useful to the Court's understanding of the dispute. If the parties are unable to reach a resolution of the dispute after the conference, the Magistrate Judge will set a schedule for discovery motion briefing. If a party files a discovery motion before a discovery dispute conference has been held, the motion will likely be terminated.

All motions related to fact discovery shall be filed by no later than **September 1, 2025**.

H. **MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties shall be filed no later than **June 16, 2025**.

Any motion to amend must be accompanied by the proposed amended pleading, which shall be included as an exhibit to the motion. Before filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether the motion is opposed. Any motion to amend must comply with Local Rules 7.01 and 15.01.

I. **DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

The plaintiff(s) shall identify and disclose all expert witnesses and expert reports on or before **October 3, 2025**. The defendant(s) shall identify and disclose all expert witnesses and expert reports on or before **November 14, 2025**. All expert witnesses shall be deposed on or before **December 19, 2025**.

*Chief Judge Crenshaw:* No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

**J.     NEXT CASE MANAGEMENT CONFERENCE:**

The parties may request a case management conference by filing a motion that identifies all issues to be discussed and the parties' positions. If the parties request extensions of case management deadlines, they shall include all proposed extended deadlines in the motion. The parties shall state whether they request an in-person or telephonic conference.

**K.     DISPOSITIVE MOTIONS:**

***Chief Judge Crenshaw:*** Dispositive motions shall be filed by no later than **January 9, 2026**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

**L.     ELECTRONIC DISCOVERY:**

The parties shall discuss any anticipated electronic discovery before the initial case management conference. If the parties reach an agreement on how to conduct electronic discovery in this case, Administrative Order 174-1 need not apply. The parties have already reached an agreement that: (1) consistent with Administrative Order 174-1, in their privilege logs for this action, the parties are not required to include documents and communications created after the date of the filing of the complaint, and (2) with respect to the format of any electronically-stored information to be produced by the parties, text-searchable image files (e.g., PDF or TIFF) shall be sufficient except for those files that are in a format (e.g., Microsoft Excel files) that are not easily

converted to image format. Any further agreement among the parties to address electronic discovery shall be reduced to writing, signed by counsel, and filed as a stipulation of agreed-upon electronic discovery procedures. If the parties request the Court's approval of their agreement, they shall file it was a proposed agreed order with the appropriate accompanying motion. In the absence of an agreement, Administrative Order 174-1 will apply.

  M.  **MODIFICATION OF THE CASE MANAGEMENT ORDER:**

*Chief Judge Crenshaw:* Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days before the earliest affected deadline. If the parties agree, the motion may be filed up to the earliest affected deadline. The motion must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the motion. The motion (even if a joint motion) must also include: (i) all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2)(f) that no dispositive motion, including response and replies, be filed later than 90 days in advance of the target trial date.

  N.  **REQUESTS TO SEAL DOCUMENTS:**

*Chief Judge Crenshaw:* Any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Beauchamp v. Fed. Home Loan Mortg. Corp.*, No. 15-6067, 2016 WL 3671629, at *4 (6th Cir. July 11, 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)). Defendants anticipate that a protective order may be necessary in this action to protect trade secrets

and/or other confidential and proprietary information. Protective orders should not provide that documents produced in discovery and designated as "confidential" will automatically be sealed upon filing or use at trial. Any such language in a proposed protective order will be stricken and may result in denial of the motion to enter the protective order.

    **O.    ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The jury trial of this action is expected to last approximately three (3) days. A trial date no earlier than **May 4, 2026** is requested. The requested trial date and the dispositive motion deadline proposed in this Order conform to Local Rule 16.01(h)(1).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

Approved for Entry by:

**/s/ Neal Agee, Jr.**
Neal Agee, Jr. BPR #9328
*Attorney for Plaintiff*
Agee & Tinsley
406 West Main St. Suite A
Lebanon, TN 37087
(615) 444-0001
(615) 444-3992 (fax)
neal@ageefirm.com


**/s/ Ryan N. Kilpatrick**
R. Brandon Bundren, BPR #30985
Ryan N. Kilpatrick, BPR #39127
Bradley Arant Boult Cummings, LLP
1221 Broadway, Suite 2400
Nashville, TN 372023
(615) 244-2582
(615) 252-6380
bbundren@bradley.com
rkilpatrick@bradley.com

9

Case 2:24-cv-00080   Document 16   Filed 01/29/25   Page 9 of 9 PageID #: 64