UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

LISA CARRELL,                        )
PLAINTIFF                            )
                                     ) No. 2:24-CV-00080
v.                                   ) Judge Waverly D.
                                     ) Crenshaw, Jr.
                                     ) Magistrate Judge Alistair
                                     ) E. Newbern
BUC-EE'S TENNESSEE, LLC AND )  JURY DEMAND
BUC-EE'S, LTD.,                      )
DEFENDANTS                           )

------------------------------------------------------

ORAL AND VIDEOTAPED DEPOSITION OF

JUANITA JUSTILIAN

DECEMBER 17, 2025

------------------------------------------------------

ORAL AND VIDEOTAPED DEPOSITION OF JUANITA JUSTILIAN, produced as a witness at the instance of the Plaintiff and duly sworn, was taken in the above-styled and numbered cause on the 17th day of December, 2025, from 1:10 p.m. to 4:44 p.m., before Haleigh Hernandez, Certified Shorthand Reporter in and for the State of Texas, reported by computerized stenotype machine at the offices of Bradley Arant Boult Cummings LLP, JPMorgan Chase Tower, 600 Travis Street, Suite 5600, Houston, Texas 77002, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto.

NELL McCALLUM & ASSOCIATES, INC. EXHIBIT 7

APPEARANCES

FOR PLAINTIFF:

Mr. Neal Agee, Jr. (present via Zoom)
Agee & Tinsley
406 West Main Street, Suite A
Lebanon, Tennessee 37087
Telephone: (615) 444-0001
E-mail: neal@ageefirm.com

FOR DEFENDANTS:

Mr. R. Brandon Bundren
Bradley Arant Boult Cummings LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Telephone: (615) 244-2582
E-mail: bbundren@bradley.com
-- and --
Mr. H. Tracy Richardson, III
In-house Counsel for Buc-ee's, LTD.

ALSO PRESENT:

Michael Cammack, Videographer
Brittany Manis (present via Zoom)

INDEX

PAGE

Appearances ......................................2

JUANITA J. (J.J.) JUSTILIAN

    Examination by Mr. Agee ....................4

Signature and Changes ..........................117

Court Reporter's Certificate ...................119

EXHIBITS

| EXHIBIT | DESCRIPTION | PAGE |
| --- | --- | --- |
| 1 | Lisa Carrell's Customer Personal Injury form | 63 |
| 2 | Lisa Carrell's Customer Statement and Information Form | 63 |
| 3 | Denial Letter to Lisa Carrell | 63 |
| 4 | Crossville, Tennessee, Customer Personal Injury Forms | 82 |
| 5 | Customer Personal Injury Forms Reviewed by J.J. Justilian | 93 |
| 6 | Customer Personal Injury Forms for Stores Prior to 12/2/2023 | 93 |
| 7 | Customer Personal Injury Form for all Stores From 12/3/2023 to 10/20/2025 | 104 |
| 8 | Customer Statement and Information Forms for Store 50 | 104 |
| 9 | Customer Statement and Information Forms | 104 |

Buc-ee's that handles the customer personal injury claim forms?

A. Yes.

Q. Do you agree that Buc-ee's has a duty to act with reasonable care to make their premises safe?

A. To make it safe? I'm sorry. I didn't hear that. To make it safe? Is that what you said?

Q. Yes, ma'am.

A. Yes.

Q. Do you agree that when customers fall onto concrete or asphalt, there's a risk of serious injury or death?

A. Yes.

Q. And do you agree that Buc-ee's has a duty to use reasonable care to prevent people from falling?

A. Yes, I think we do.

Q. Is there a department at Buc-ee's dedicated to customer safety system-wide?

A. I think that's part of what Dale does.

Q. Do you know how Dale does that?

A. No, I don't.

Q. Have you ever had any interaction with Dale particularly addressing some customer safety issue?

A. No.

Q. Have you ever asked Dale to review information

the people in your office also checked the cameras to make sure that these were trip-and-falls over tire stops as well, correct?

A. Yes.

Q. And I'm not going to go over that process with all -- with all of these; but in every case of these reports that we've been given, both the store manager and the claims reviewer both should have looked at the camera video and documented these as being tire stop falls --

A. Yes.

Q. -- correct?

A. Yes.

Q. Okay. Let's make those documents which would be the customer personal injury report forms beginning with Bates -- with page 000378 to 000492 as the next numbered exhibit, which I believe would be 4.

(Exhibit 4 marked)

MR. AGEE: Does the court reporter have those marked?

MR. BUNDREN: Yes, she did.

THE REPORTER: Yes.

MR. AGEE: Great. Thank you.

Q. (BY MR. AGEE) I also have a set of customer personal injury forms that were reviewed by J.J.

MR. AGEE: We'll make the customer personal injury forms that were reviewed by Ms. Justilian between August 8th, 2022, and December 2nd, 2023, as Exhibit No. 5.

(Exhibit 5 marked)

MR. AGEE: The next exhibit is going to customer personal injury forms for the stores other than Crossville prior to Lisa Carrell's fall. These are the documents that are stamped 000493 to 000867.

(Exhibit 6 marked)

THE WITNESS: Okay.

MR. BUNDREN: Ready when you are, Neal.

MR. AGEE: Thank you.

Q. (BY MR. AGEE) There are multiple instances reported here of persons that were carried to the hospital or treated by the emergency management service. Do you need to look through these in order to agree that if we read the records, that that would be true?

MR. BUNDREN: Neal, if you have the Bates numbers, maybe you just put that in the record. These are the ones that are personal injury that required medical attention. I'm fine with that.

I don't know that we would quibble that there are some in there, but it -- the adjective of "numerous," I mean, I don't know. So if you just want

NELL McCALLUM & ASSOCIATES, INC. EXHIBIT 7

Q. (BY MR. AGEE) You're in claims. Who would know that?

MR. BUNDREN: Objection to form.

A. Not the claims department. We would know the result. For instance, we knew that -- that the tire stops got red and white stripes on them after it was done.

Q. (BY MR. AGEE) Did that stop the falls?

A. I don't know what the numbers are; but, no, it did not.

Q. So if that strategy didn't work, shouldn't the Buc-ee's try to find another strategy?

MR. BUNDREN: Objection to the form.

A. I can't -- I can't answer that.

Q. (BY MR. AGEE) Is it because that's not your job --

A. Correct.

Q. -- that you can't answer?

A. And I would -- I'm not involved in -- in those types of decisions.

Q. Can you think of anybody that could answer that question for me and -- that's an -- an employee of Buc-ee's?

MR. BUNDREN: Objection to the form.

A. I can't.

NELL McCALLUM & ASSOCIATES, INC. EXHIBIT 7

REPORTER'S CERTIFICATE

I, Haleigh Hernandez, a Certified Shorthand Reporter in and for the State of Texas, certify that this deposition transcript is a true and correct record of the testimony given by the witness named herein, after said witness was duly sworn by me.  The witness was requested to review the deposition.

I further certify that I am neither attorney or counsel for, related to, nor employed by any parties to the action in which this testimony is taken and, further, that I am not a relative or employee of any counsel employed by the parties hereto or financially interested in the action.

I further certify that the amount of time used by each party at the deposition is as follows:

        Mr. Agee - 2h58m
        Mr. Bundren - 0h0m
        Mr. Richardson - 0h0m

SUBSCRIBED AND SWORN TO under my hand and seal of office on this the 30th day of December, 2025.

                        /s/ Haleigh Hernandez

                        Haleigh Hernandez, CSR, RPR
                        Texas CSR No. 9371
                        Expiration:  03/31/2027
                        Nell McCallum & Associates
                        3560 Delaware, Suite 402
                        Beaumont, Texas 77706
                        Firm Registration No. 143
                        (409) 838-033

NELL McCALLUM & ASSOCIATES, INC.    EXHIBIT 7