UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LISA CARRELL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-CV-00080 |
| | ) | Judge Waverly D. Crenshaw, Jr. |
| | ) | Magistrate Judge Luke A. Evans |
| | ) | JURY DEMAND |
| BUC-EE'S TENNESSEE, LLC and | ) | |
| BUC-EE'S, LTD., | ) | |
| Defendants. | ) | |

## **DECLARATION OF ROBERT E. STAMMER, JR., PH.D., P.E.**

I, Robert E. Stammer, Jr., Ph.D., P.E., declare as follows:

1.      I am over 18 years of age, have personal knowledge of the matters stated herein, and am competent to testify on the matters stated herein.

2.      I am a transportation engineer and have been qualified numerous times by court to offer expertise in the field of transportation engineering. I have a bachelor's degree in civil engineering from Vanderbilt University, a master's degree in civil engineering (transportation) from Georgia Institute of Technology, and a doctor of philosophy degree from the University of Tennessee in civil engineering (transportation). I am a registered professional engineer in the state of Tennessee. I taught both upper-level undergraduate and graduate transportation engineering courses for the Civil and Environmental Engineering Department of Vanderbilt University's School of Engineering for more than forty years.

3.      Page A0.1 of the plans for Buc-ee's Tennessee, LLC, Store # 50, Crossville, Tennessee, (BUC_CARRELL_000360, Defendants' Responses to Plaintiff's Request for Production of Documents #7), shows the design was required to comply with the 2012

International Building Code, and the 2010 ADA *"Standards for Accessible Design"* (ADA Standards).

4.      The 2010 ADA, *"Standards for Accessible Design,"* (ADA Standards) did not require a wheel stop in the accessible parking spaces at the Buc-ee store in Crossville, Tennessee.

5.      ADA Standard 502.7 states as follows:

> **502.7 Relationship to Accessible Routes**. Parking *spaces* and access aisles shall be designed so that cars and vans, when parked, cannot obstruct the required clear width of adjacent *accessible* routes.

6.      The standard does not mandate or require a specific design to comply with the standard.

7.      At the Crossville Travel Center, the bollard in the accessible parking space prevented vehicle overhangs from reducing the required clear width of the accessible route as required by the ADA Standard 502.7. See photograph below. Thus, the bollard alone would satisfy the requirements of ADA Standard 502.7.

2



8.    ASTM International is a global organization that develops and publishes voluntary technical standards. Since 1995, *Standard Practices for Safe Walking Surfaces*, 1995 edition, ASTM F1637-95 states as follows:

> 8.1 Parking lots should be designed to avoid the use of wheel stops.

9.    ASTM standards are not a codes requirement, but they are an industry standard.

10.   ASTM F1637-95, Section 8.7. recommends bollards as an alternative to wheel stops.

> 8.7. Bollards, not less than 3 feet, 6 inches (1.07 m) height, may be placed in the center of parking stalls as an alternative to wheel stops.

3

Bollards should be appropriately marked to enhance visibility in accordance with ANSI-2535.1.

11.     Buc-ee's could have removed the wheel stops in the accessible parking spaces at the Crossville, Tennessee Travel Center and still be compliant with the 2010 ADA Standards because the bollards alone were sufficient.

12.     The wheel stops in the accessible parking spaces at the Crossville store were a pedestrian hazard because the wheel stops were located in a "foreseeable pedestrian path."

13.     ASTM Standard 1637-95; Section 8.2 states:

8.2. Wheel stops shall not be placed in a pedestrian walkways or foreseeable pedestrian paths.

14.     I have reviewed the testimony of several Buc-ee's employees deposed in this case. Local employees, including the store's General Manager, testified that they knew that customers entering and exiting the store routinely walked through empty parking spaces. Buc-ee's had actual knowledge that customers utilized parking spaces, including the accessible parking spaces, as a pedestrian path while entering and leaving the store. The accessible parking spaces at the entrance and exit are, therefore, a part of the foreseeable pedestrian path customers utilized to enter and exit the store.

15.     Prior to Plaintiff's fall on December 2, 2023, Buc-ee's had actual knowledge of the hazard the wheel stops presented, based on the number of Customer Personal Injury reports reported to Buc-ee's claims department of other similar incidents of trip and falls over wheel stops at Crossville and other similar design Travel Centers outside the State of Texas.

16.     I have reviewed the documents produced by Buc-ee's in this case in response to written discovery requests. In response to Plaintiff's First Set of Requests for Production of Documents #1 and #3, Buc-ee's produced 196 Customer Personal Injury reports at similar Travel

Centers and 60 Customer Personal Injury reports for the travel center in Crossville from May 19, 2022 to December 2, 2023 just for trip and fall incidents occurring at wheel stops. .

17.     Buc-ee's had actual knowledge of the hazard wheel stops presented as evidenced by the testimony of Buc-ee's employee Dale Fitzpatrick that Buc-ee's added red and white tape to wheel stops at Travel Centers that had a problem with customers tripping and falling over the wheel stops, including Crossville. Dale Fitzpatrick serves as Buc-ee's, Ltd.'s Health and Safety Manager and was designated as a corporate representative under Fed.R.Civ.P. 30(b)(6) to testify on certain topics on inquiry.

18.     Removing the wheel stops in the accessible parking spaces at the Crossville, TN Travel Center was a feasible, safer alternative that would have eliminated customer injuries over wheel stops.

19.     Buc-ee's, Ltd. Senior Director of Operations Richard Sebastian testified that Buc-ee's Travel Centers in Harrison County, Mississippi; Brunswick, Georgia and Rockingham, Virginia are the new Travel Centers that have opened outside the State of Texas.

20.     Photographs from Google Maps of the exteriors of Store #61, Harrison County, Mississippi (opened June 9, 2025); Store #63, Brunswick, Georgia (opened July 1, 2025) and Store #69 Rockingham, Virginia (opened June 30, 2025), show the same arrangement of accessible parking spaces located at the entrance/exits of the store as at the Crossville store, except  that the accessible parking spaces do not have wheel stops. Blue bollards with accessible parking signs in the center of the parking stalls prevent vehicle encroachment into the required clear width of adjacent accessible routes.

5

**<u>Store #61 – Harrison County, MS</u>**
8245 Firetower Rd.
Pass Christian, MS 39571





## Store #63 – Brunswick, GA
6900 Hwy 99
Brunswick, GA 31525



## <u>Store #69 – Rockingham, VA</u>
6500 Buc-ee's Blvd.
Mount Crawford, VA 22841





21. The Declaration of Donald D. Elswick CIH, CSP, CIT, CMMA implies but does not expressly state that wheel stops were a required design element necessary to comply with the applicable federal and state regulations.

22. Mr. Elswick's declaration does not acknowledge that the existing bollard in the center of the accessible parking space was sufficient to satisfy ADA standards, and so that the wheel stop was a redundant feature that could have been removed.

10

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>MARCH 9, 2026.</u>

<u>Robert E. Stammer, Jr.</u>
Robert E. Stammer, Jr.

11