LISA CARRELL, )
    Plaintiff, )
  )
v. ) No. 2:24-CV-00080
  ) Judge Waverly D. Crenshaw, Jr.
BUC-EE'S TENNESSEE, LLC AND ) Magistrate Judge Luke A. Evans
BUC-EE'S, LTD., ) JURY DEMAND
    Defendants. )

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
AND MEMORANDUM OF LAW TO STRIKE
PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS (DOC. 72)**

Plaintiff Lisa Carrell, by and through counsel, submits this Response to Defendants'

Motion and Memorandum of Law to Strike Plaintiff's Statement of Additional Material Facts.

**I.       Introduction and Background**

Defendants have moved for summary judgment (Doc. 63) in this premises liability action

on two issues: (1) comparative fault; and (2) punitive damages. Pursuant to Rule 56 of the Federal

Rules of Civil Procedure, Plaintiff has argued in responding to the Motion for Summary Judgment

that facts alleged by Defendants to be undisputed are, in fact, disputed. (Doc. 70, 71.) Plaintiff has

also argued pursuant to Rule 56 that facts in the record in addition to those relied upon by

Defendants in moving for summary judgment demonstrate that there are genuine issues of material

fact that require a trial. (Doc. 70, 72.)

In support of Plaintiff's Response in Opposition to Defendants' Motion for Summary

Judgment and to assist the Court in ruling on the Motion, Plaintiff filed a Statement of Additional

Material Facts in Support of Plaintiff's Response in Opposition to Defendant's Motion for

Summary Judgment ("Statement of Additional Material Facts") listing the facts in the record in

addition to those relied upon by Defendants to demonstrate that there are genuine issues of material fact that require a trial. (Doc. 72.) Attached to this Statement of Additional Material Facts are the portions of the record that support each additional fact listed by Plaintiff to support her Response in Opposition to Defendants' Motion for Summary Judgment. (Doc. 72, Exhibits 1-10.)

Defendants have now moved to strike Plaintiff's Statement of Additional Material Facts. (Doc. 73.)

## II.     Legal Standard

Federal Rule of Civil Procedure 12(f) provides that the Court may, upon a party's motion or on its own, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of such motions is to "'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)).

Though a trial court has broad discretion in ruling on a motion to strike, such motions "are viewed with disfavor and are not frequently granted." *Id.*; *see also Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953) ("[T]he action of striking a pleading should be sparingly used by the courts ... [and] is a drastic remedy to be resorted to only when required for the purposes of justice."). A motion to strike "should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822 (citations omitted). Courts are reluctant to strike pleadings because of "the practical difficulty of deciding cases without a factual record…" *Id.* Moreover, such motions are

2

disfavored because of the potentially "dilatory and often harassing character" of a motion to strike, 5C Arthur R. Miller et al., *Federal Practice and Procedure* § 1381 (3d ed. updated Aug. 2019).

### III. Legal Argument

**A. Plaintiff is entitled under the Federal Rules of Civil Procedure to allege additional material facts to establish genuine factual disputes that require a trial.**

The party moving for summary judgment has the burden to show that no genuine issues of material fact exist. C*elotex Corp. v. Cattrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). If the moving party meets this burden, the party opposing the motion must come forward with specific facts to show a genuine issue for trial. *Matsushita,* 475 U.S. 574, 587 (1986); *Kramer v. Bachan Aerospace Corp.,* 912 F.2d 151, 153-54 (6th Cir.1990). To sustain this burden, the non-moving party cannot rest on the pleadings. *Celotex,* 477 U.S. at 324. Rather, the non-moving party must come forward with specific facts or affidavits to support its claims and show the existence of a genuine, material issue in dispute. *Id.*

In litigating summary judgment, any "party" can assert facts in order to establish whether or not a genuine dispute of fact exists. Fed. R. Civ. P. 56(c). Thus, in opposing summary judgment, the non-moving party has the right to "present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Moreover, any "party" that asserts a fact material to the motion for summary judgment must "properly support an assertion of fact." Fed. R. Civ. P. 56(e). In assessing a motion for summary judgment, the Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

With its Statement of Additional Material Facts, Plaintiff provides the Court her full account of the facts in the record, complete with citations and excerpts from the record, to establish that the facts that are asserted by Defendants to be undisputed are, in fact, actually disputed. In moving for summary judgment, Defendants cherry picked a limited number of facts in the record

to attempt to argue that all material facts are undisputed and lead to only one conclusion. With their Motion to Strike, Defendants essentially seek to limit the Court's review to just the facts that Defendants want the Court to consider. Rule 56 of the Federal Rules of Civil Procedure specifically contemplates that a non-moving party can present additional facts in the record that establish a genuine issue of material fact precluding summary judgment. *See e.g.*, *National Solid Wastes Management Ass'n v. Voinovich*, 959 F.2d 590, 594 (6th Cir. 1992) (reversing grant of summary judgment where non-moving party presented additional facts in affidavits that demonstrated a genuine issue of material fact for trial).

**B. Plaintiff's Statement of Additional Material Facts can be considered by the Court.**

This Court has broad discretion to consider such statements of additional material facts when they are helpful to the Court. *See e.g.*, *Lopez v. Metro. Gov't of Nashville & Davidson Cnty.*, 646 F. Supp. 2d 891, 906 (M.D. Tenn. 2009) (noting that the applicable rules of Court at that time did not contemplate a statement of additional *undisputed* facts filed by the non-moving party, but denying motions to strike such additional statements of undisputed facts because "[t]hose statements amplify the issues and, for the most part, were filed in an effort to contradict statements made in the opponents' statements of undisputed facts."). Defendants mischaracterize Plaintiff's Statement of Additional Material Facts as a "statement of purportedly undisputed material facts." (Doc. 73, Motion to Strike, p. 4.) Significantly, Plaintiff's Statement of Additional Material Facts are not purported by Plaintiff to be "undisputed." Instead, the Statement of Additional Material Facts list additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. The distinction is important because while the applicable rules of Court do not provide for the practice of the non-moving party to provide additional statements of undisputed facts, Rule 56 of the Federal Rules of Civil Procedure

4

anticipates and expects the non-moving party to attempt to assert facts supported by evidence in the record that establish a genuine issue to be tried. Fed. R. Civ. P. 56(d) and (e).

None of the cases cited by Defendants in their Motion to Strike are dispositive on the merits of the Motion to Strike. Indeed, none of the cited cases addresses the 2025 change in the Court's Local Rules, which Defendants rely upon as the basis for the Motion to Strike. The cited cases generally deal with a non-moving party's response in filing a statement of additional undisputed facts, which is not what Plaintiff has filed in this case. *See e.g.*, *Sales v. inVentiv Health, Inc.*, No. 3:13-cv-0064, 2014 WL 1883936, at *1 (M.D. Tenn. May 12, 2014) (striking Plaintiff's statement of additional undisputed facts because "while Local Rule 56.01 permits a party opposing a motion for summary judgment to file a statement of additional material facts that are *in dispute,* the rule does not permit a non-moving party to file a statement of additional *undisputed* facts"). For instance, the Court in the *Lee* case cited by Defendants concluded that Plaintiff's filing of a statement of uncontested facts did not comport with the applicable 2020 version of the Local Rules of Court, but that the filing should be struck from the record because it failed to provide specific citations to the record, rendering the filing "entirely unhelpful to the Court in deciding the Motion." *Lee v. Vanderbilt Univ.*, No. 3:20-cv-00924, 2026 WL 483920, at * 4 (M.D. Tenn. Feb. 20, 2026).

Defendants attempt to argue the merits of the additional facts alleged by Ms. Carrell, either asserting that they are "not material" or that they include Plaintiff's own characterization of the facts. For instance, Defendants take issue with the additional fact Plaintiff alleged that Ms. Carrell "drifted into the vacant handicapped accessible space" just before she tripped on the wheel stop. (Doc. 73, Motion to Strike, p. 5.) This language, however, is directly from the Plaintiff's deposition testimony. (See Carrell dep., 154:1-6, Doc. 72-1). The fact that Defendants do not want the Court to consider this "characterization" of Plaintiff's actions based on the words that Plaintiff herself

5

emphasize that a jury needs to decide the issues in this case. The comparative fault analysis is fact-intensive. The jury should be able to hear for themselves what Ms. Carrell says about how she fell and be able to watch the video of her fall to determine the reasonableness of her actions.

The facts listed in the Statement of Additional Material Facts are all included in the memorandum of law included in Plaintiff's Response in Opposition to Motion for Summary Judgment. To the extent that Defendants want to argue that such facts are not material or are merely Plaintiff's characterization of facts, they can do so in their reply brief. The Statement of Additional Material Facts is a list that is used to aid the Court. It is not an invitation for Defendants to respond whether each alleged fact is undisputed or not. Defendants do not necessarily need to respond individually to each additional material fact alleged by Plaintiff.

## IV.    Conclusion

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendants' Motion to Strike, and allow the Plaintiff's Statement of Additional Material Facts, along with its ten exhibits, to remain in the record and be considered by the Court in ruling on Defendants' Motion for Summary Judgment.

Respectfully submitted,

s/Neal Agee, Jr.
Neal Agee, Jr. BPR #9328
AGEE & TINSLEY
*Attorney for Plaintiff*
406 West Main St. Suite A
Lebanon, TN 37087
(615) 444-0001
(615) 444-3992 (fax)
neal@ageefirm.com

Tyler Chance Yarbro, BPR #023553
DODSON PARKER BEHM & CAPPARELLA, PC
*Attorney for Plaintiff*
1310 6th Avenue North
Nashville, TN 37208
(615) 254-2291
(615) 726-2241 (fax)
tyarbro@dodsonparker.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 23, 2026, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court Middle District of Tennessee, through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

R. Brandon Bundren, BPR #30985
Marlee G. Sacks, BPR #42072
BRADLEY ARANT BOULT CUMMINGS, LLP
*Counsel for Defendants*

s/Neal Agee, Jr.
Neal Agee, Jr.

7