| | | |
|---|---|---|
| LISA CARRELL, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 2:24–cv–00080 |
| v. | ) | |
| | ) | JUDGE CRENSHAW |
| BUC-EE'S TENNESSEE, LLC and | ) | MAGISTRATE JUDGE EVANS |
| BUC-EE'S, LTD., | ) | |
| | ) | JURY DEMAND |
| *Defendants.* | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE
PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS (DOC. 72)**

This Court should strike Plaintiff's Statement of Additional Material Facts (the "Additional Statement"). Plaintiff's response offers no legal authority for her made-up filing. And permitting it unreasonably increases the burden for Defendants and the Court in what Plaintiff admits is—at most—a case involving $40,000 in economic damages. The Additional Statement runs afoul of the Federal Rules and the Local Rules, and this Court should strike it.

## I. The Federal Rules do not contemplate a separate filing for a non-movant to present undisputed or disputed facts.

Rule 56(c) of the Federal Rules of Civil Procedure contemplates a responsive filing, not an "additional" one. Specifically, Rule 56(c) provides that "[a] party asserting that a fact [identified by the movant] cannot be or is genuinely disputed must support the assertion" by citing to the record. Fed. R. Civ. P. 56(c). In other words, the "additional facts" that a non-moving party may set forth is accomplished in response to the statement of undisputed material facts filed by the moving party. Here, Defendants pursuant to Rule 56(a) demonstrated that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Plaintiff's burden under Rule 56(c) was to establish that any fact *Defendants* contend is undisputed, is actually disputed in a responsive filing. *See* LR 56.01(e). Plaintiff had, and exercised, the opportunity to present such purported facts in response to Defendants' statement. *See* Doc. No. 71 (where Plaintiff confirmed 31 of the 39 facts are undisputed). Plaintiff does not and cannot identify any authority supporting her position that Rule 56(c) contemplates a separate filing of additional facts.

**II.** **This Court never permitted statements of undisputed facts and did away with statements of disputed facts in May 2025.**

No matter how Plaintiff characterizes her Additional Statement, it finds no support in the Local Rules. Plaintiff stresses the Additional Statement is not "undisputed" and instead lists "additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried." Doc. 74, PageID #858. So be it. This Court did away with filing a statement of disputed facts in the Local Rules in May 2025, which Plaintiff fails to acknowledge. *See In re: Amendments to Local Rules,* Administrative Order 1099, attached hereto as **Exhibit 1**.

Plaintiff instead focuses on the fact the court in *Sales* and *Lee* considered a non-moving party's statement of additional undisputed facts under prior versions of the Local Rules. In both *Sales* and *Lee*, this Court recognized that prior to the May 2025 amendments, a nonmoving party was permitted to file a statement of disputed facts. *Sales v. inVentiv Health, Inc.*, No. 3:13-CV-0064, 2014 WL 1883936, at *1 (M.D. Tenn. May 12, 2014); *Lee v. Vanderbilt Univ.*, No. 3:20-cv-00924, 2026 WL 483920, at *2 (M.D. Tenn. Feb. 20, 2026). These cases, decided under an earlier and broader version of the Local Rules, only further support Defendants' point: this Court has never permitted a nonmoving party to file a statement of undisputed facts, and after May 2025, no longer permits a nonmoving party to file a statement of disputed facts either. **Ex. 1**; LR 56.01. No matter how Plaintiff characterizes the Additional Statement, it is improper and should be struck.

### III. Plaintiff's Additional Statement is otherwise defective.

Plaintiff faults Defendants for "attempt[ing] to argue the merits of the additional facts" Plaintiff alleges. For instance, Plaintiff asserts Defendants do not want the Court to consider Plaintiff's characterization of her actions. But Plaintiff *already* put this evidence into the record in response to Defendants' statement of undisputed material facts. *Compare* Doc. 72 at ¶ 11 (Plaintiff presenting the "additional" fact that "[w]hen she drifted into the vacant handicapped accessible space, Ms. Carrell's right foot caught the corner of a wheel stop located at the end of a vacant handicap parking space"), *with* Doc. 71 at ¶ 3 (Plaintiff disputing Defendants' fact that Plaintiff walked through a handicapped space and by citing her testimony that she "drifted a little bit towards my car at the gas pump and that's how my foot caught the end of the tire stop"). And instead of meaningfully demonstrating how her facts are material (or otherwise substantively proper), Plaintiff simply responds Defendants can "argue that such facts are not material" in reply. While Defendants have done so, *see* Doc. 75, the immateriality of Plaintiff's facts is not merely a rebuttal argument. It is threshold defect that prevents Plaintiff from carrying her burden of demonstrating a genuine dispute of material fact.

This Court has previously stricken facts for the precise defects raised by Defendants here. *See e.g.*, *Sales*, 2014 WL 1883936, at *1 (granting motion to strike where "the PSUMF fails to meet the Local Rule's requirement of brevity" because it "includes at least two redundant facts which had been addressed in the DUSF" and

"includes a handful of speculative legal conclusions that are improperly included as facts").

Moreover, unlike *Lopez* where the Court considered a statement of additional facts filed by the non-moving party because "[t]hose statements amplify the issues and, for the most part, were filed in an effort to contradict statements made in the opponents' statements of undisputed facts," *Lopez v. Metro. Gov't of Nashville & Davidson Cnty.*, 646 F. Supp. 2d 891, 906 (M.D. Tenn. 2009), the Additional Statement covers facts already addressed by Defendants' statement of undisputed material facts, reasserts facts raised by Plaintiff in her response to Defendants' statement of undisputed material facts, or injects immaterial facts into the record, including issues related to the condition of the wheel stop that undisputedly did not exist when Plaintiff left the crosswalk, took a short cut to her car, and tripped over an unobstructed, static wheel stop in a handicap parking space. In this way, the Additional Statement is much more like that in *Lee* where the non-movant's statement was "entirely unhelpful to the Court in deciding the Motion" and "if the Court were to decline to strike, and thus consider Plaintiff's Additional Statement, the Court would be required to expend valuable and limited resources in combing through the record to determine whether Plaintiff's statements are supported by the record." *Lee v. Vanderbilt Univ.*, 3:20-CV-00924, 2026 WL 483920, at *4 (M.D. Tenn. Feb. 20, 2026).

Surprisingly, Plaintiff turns her argument back on Defendants asserting the Additional Statement is merely "a list that is used to aid the Court" and "not an

4

invitation for Defendants to respond whether each alleged fact is undisputed or not." Doc. 74, PageID #860. Plaintiff's idea that Defendants would simply sit back, permit Plaintiff to file an improper statement, and say nothing, is untenable, particularly where Plaintiff mischaracterizes the record and injects immaterial facts into summary judgment. Regardless, Plaintiff's conduct belies her argument: Plaintiff herself invited Defendants to respond by providing the Additional Statement to Defendants in Word Document form upon filing it. *See* Email Correspondence, attached hereto as **Exhibit 2**; *see also* LR 56.01(c)(4) (requiring *movant* to provide statement of facts to *non-movant* in editable electronic format).

Requiring Defendants and the Court to sift through Plaintiff's filing of redundant or immaterial facts contravenes the Federal Rules, the Local Rules, and the well-established principle that summary judgment proceedings are not an occasion for parties to shift the burden of identifying which facts are material to the outcome of the case to the Court. *See Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 734, 736 (6th Cir. 2011) ("[C]ourts need not independently comb through the record and establish that it is bereft of a genuine issue of material fact before granting summary judgment. . . Judges are not like pigs, hunting for truffles.").

For these reasons and for the additional reasons set forth in Defendants' Motion to Strike (Doc. 73), this Court should strike Plaintiff's Additional Statement and grant summary judgment in favor of Defendants.

5

Respectfully submitted,

s/ R. Brandon Bundren
R. Brandon Bundren (BPR #30985)
Marlee G. Sacks (BPR #42072)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: 615.244.2582
F: 615.252.6380
bbundren@bradley.com
msacks@bradley.com

*Attorneys for Buc-ee's Tennessee, LLC and
Buc-ee's, Ltd.*

## CERTIFICATE OF SERVICE

I certify that on March 26, 2026, I electronically filed Defendants' Reply in Support of Motion to Strike Plaintiff's Statement of Additional Material Facts (Doc. 72) with the Clerk of Court for the U.S. District Court Middle District of Tennessee, through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

Neal Agee, Jr. (neal@ageefirm.com)
AGEE & TINSLEY

Tyler Chance Yarbro (tyarboro@dodsonparker.com)
DODSON PARKER BEHM & CAPPARELLA, PC

*Attorneys for Plaintiff*

s/ R. Brandon Bundren
R. Brandon Bundren