# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## COOKEVILLE DIVISION

| | |
|---|---|
| LISA CARRELL, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  No. 2:24-cv-00080 |
| | ) |
| BUC-EE'S TENNESSEE, LLC and | ) |
| BUC-EE'S, LTD., | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM OPINION</u>

Lisa Carrell tripped on a wheel stop in the handicap parking space at a Buc-ee's in Crossville. She alleges negligence by Buc-ee's. Buc-ee's moves for summary judgment, arguing that Carrell is more than fifty percent at fault and that punitive damages are foreclosed because Buc-ee's complied with accessibility regulations. (Doc. No. 64). The motion is ripe for decision. (Doc. Nos. 64, 70, 75). Because a jury could divide fault either way on this record, and because material disputed facts remain over whether the accessibility regulations were intended to protect Carrell, the motion will be denied.

## I.  FACTUAL BACKGROUND

### A.  <u>Carrell's Statement of Additional Material Facts</u>

Along with her opposition, Carrell filed a "statement of additional material facts" with attached exhibits. (Doc. No. 72). Buc-ee's has moved to strike the filing as unauthorized. (Doc. No. 73). The Court agrees with Buc-ee's. The statement of additional material facts and the exhibits are not properly before the Court. Local Rule 56.01, as amended in 2025, does not permit a non-movant to file a separate statement of additional facts. <u>See</u> M.D. Tenn. Loc. Civ. R. 56.01. The Court therefore does not consider Doc. No. 72 in addressing Buc-ee's motion for summary

judgment. The material facts are drawn only from Buc-ee's statement of undisputed material facts (Doc. No. 65) and Carrell's response (Doc. No. 71). Because the motion for summary judgment will be denied, the motion to strike will be denied as moot.

B. Undisputed Facts

Carrell visited the Buc-ee's store at 2045 Genesis Road, Crossville, Tennessee, twice on December 2, 2023. (Doc. No. 71 ¶¶ 1, 12). During the morning visit, she saw the handicap parking spaces and entered and exited the store without tripping over a wheel stop. (Id. ¶ 13). She returned around 5:30 PM. (Id. ¶ 1). She and her granddaughter entered the store by walking through the crosswalk, went to the bathroom, and made a purchase. (Id. ¶¶ 2, 14). On the way out, her granddaughter used the crosswalk. (Id. ¶ 16). Carrell did not. (Id. ¶ 18). She walked into the handicap parking space and tripped over the wheel stop. (Id.). Nothing prevented Carrell from using the crosswalk, and she could have used it to reach her car. (Id. ¶¶ 19-20).

The parking lot was sufficiently lit. (Id. ¶ 22). The wheel stop was a static, fixed object marked with red and white reflective tape. (Id. ¶¶ 21, 23). The wheel stop was similar to every other wheel stop Carrell had seen or encountered. (Id. ¶ 6). Like other wheel stops, it prevented cars from encroaching on the walkway and crashing into the store. (Id. ¶ 7).

Carrell suffered a hand injury and seeks $39,313.57 in past economic damages. (Id. ¶ 4). She seeks no future economic damages. (Id. ¶ 5).

II. LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). In deciding a

2

motion for summary judgment, the Court reviews all the evidence, facts, and inferences in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citation omitted). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter, and instead determines only whether the evidence presented reveals a disputed material issue of fact for the jury to decide. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. <u>Rodgers</u>, 344 F.3d at 595.

## III.    ANALYSIS

Buc-ee's argues that Carrell is at least fifty percent at fault for tripping over the wheel stop and that her negligence claim is foreclosed as a matter of law. (Doc. No. 64 at 5-11). It contends that the wheel stop was open and obvious, that Carrell had used the crosswalk minutes earlier on the way into the store, and that her own deposition testimony establishes she was not watching where she walked. (<u>Id.</u>). Buc-ee's cites a decision from the Northern District of Georgia granting summary judgment to a Buc-ee's affiliate on nearly identical facts. (<u>Id.</u> at 6 (citing <u>Full v. Buc-ee's Georgia, LLC</u>, 2025 WL 3254887 (N.D. Ga. May 23, 2025))). Buc-ee's further argues that Tenn. Code Ann. § 29-39-104(e) forecloses Carrell's request for punitive damages because it substantially complied with the 2010 ADA Standards for Accessible Design and the 2018 International Building Code. (<u>Id.</u> at 12-14).

Carrell responds that weighing comparative fault is ordinarily a jury question, that the open-and-obvious nature of the wheel stop does not foreclose her claim under Tennessee law, and

that Buc-ee's cases are distinguishable.[1]  (Doc. No. 70 at 10-19).  On punitive damages, Carrell

argues that she is outside the class of persons that the regulations that Buc-ee's relies on are

intended to protect because she is not disabled.  (Id. at 22-25).  She also disputes that the 2018

International Building Code has been adopted at the state level.  (Id. at 23-24).

The Court agrees with Carrell.  Tennessee's comparative fault system requires weighing

multiple factors.  Except in rare cases, the weighing of those factors requires factual determinations

that are for the jury, not the Court.  This is not one of those rare cases.  Genuine disputes remain

over facts that bear on the fault allocation, including whether Carrell was looking where she was

walking, whether her view was free of distractions, and whether Buc-ee's knew the wheel stops

posed a hazard and could have removed them.  On punitive damages, Buc-ee's has not carried its

burden of showing that as a matter of law, Carrell was within the class of persons the regulations

it invokes were intended to protect.

> A.      Comparative Fault Legal Standard

Tennessee follows a modified comparative fault regime.  A plaintiff who is fifty percent or

more at fault cannot recover.  Phillips v. McCraw, 2026 WL 810933, at *2 (M.D. Tenn. Mar. 24,

2026); Binns v. Trader Joe's E., Inc., 690 S.W.3d 241, 248-49 (Tenn. 2024).  The fault inquiry

weighs a non-exhaustive set of factors, including (1) the closeness of the causal relationship

between the defendant's conduct and the injury, (2) the reasonableness of each party's conduct in

confronting the risk, (3) the extent to which defendant failed to reasonably utilize an alternative,

(4) the existence of a sudden emergency requiring a hasty decision, (5) the significance of what

the party was attempting to accomplish, and (6) the party's particular capacities.  Star Transp., Inc.

---

[1] Subsection II.E.5 of Carrell's opposition (Doc. No. 70 at 19-22) argues that the additional facts
set forth in her statement of additional material facts preclude summary judgment.  Because that
statement is not properly before the Court, the Court does not consider this portion of Carrell's
briefing.

v. CSIR Enters., Inc., 409 F. Supp. 2d 939, 956 (M.D. Tenn. 2006) (quoting LaRue v. 1817 Lake Inc., 966 S.W.2d 423, 427 (Tenn. Ct. App. 1997)).  Openness and obviousness is also a factor in that consideration, not a threshold bar to recovery.  Coln v. City of Savannah, 966 S.W.2d 34, 43 (Tenn. 1998).

Comparative fault is typically "a question of fact within the jury's province, which should not lightly be invaded by the trial court."  LaRue, 966 S.W.2d at 427.  A trial court will rarely be suited to make a "determination of comparative fault at the summary judgment stage of the proceedings."  Lundell v. Hubbs, 2020 WL 6867229, at *15 (Tenn. Ct. App. Nov. 23, 2020) (citing id.).  "Thus, when considering a motion for summary judgment, the task of comparing and allocating fault may be taken from the jury only when it can be determined beyond question (or alternatively, when reasonable minds cannot differ) that the plaintiff's fault is equal to or greater than the defendant's."  Jones v. Kroger Ltd. P'ship I, 2026 WL 36268, at *6 (Tenn. Ct. App. Jan. 6, 2026) (citation modified) (quoting Henley v. Amacher, 2002 WL 100402, at *6 (Tenn. Ct. App. Jan. 28, 2002)).

B.      Material Factual Disputes Preclude Summary Judgment

Buc-ee's has not shown that the fault allocation between it and Carrell is beyond question, or that reasonable minds could not differ as to the fault allocation.  Even accepting as true that the wheel stop was largely open and obvious (Doc. No. 71 ¶¶ 21-23) and that Carrell bears some fault (id. ¶ 27), the Court cannot conclude that no reasonable jury could find Carrell less than fifty percent at fault.

Material factual disputes that bear on fault allocation remain.  Three concern Carrell's own conduct.  First, Carrell disputes that she walked through the handicap parking space.  She testified that she was "walking in the blue hatched area," that she "was looking forward" for her car, and that she "drifted a little bit" towards her car, which is how her foot "caught the end of the tire stop."

5

(Id. ¶¶ 3, 17 – P. Resp.).  Second, Carrell disputes that she was not looking where she was walking.  She points to testimony and video showing that she was looking toward her car and watching for oncoming traffic.  (Id. ¶ 25 – P. Resp.).  Third, Carrell disputes that nothing detracted from her view of the wheel stop.  She points to testimony that traffic and young children could detract from a person's attention.  (Id. ¶ 24 – P. Resp.).

The fourth dispute concerns Buc-ee's conduct.  Carrell disputes that Buc-ee's had to use wheel stops to prevent cars from encroaching on the walkway or crashing into the store.  She points to evidence that Buc-ee's had actual knowledge of the hazard the wheel stops posed, was not required by any regulation to use them, and could have used bollards as a feasible and lawful alternative.  (Id. ¶¶ 8, 9 – P. Resp.).  Buc-ee's argues that its knowledge of the hazard is "irrelevant" to Carrell's comparative fault.  (Doc. No. 75 at 1).  But the more fault that is allocated to Buc-ee's, the less is allocated to Carrell.  Phillips, 2026 WL 810933, at *3; Binns, 690 S.W.3d at 251.  Evidence of Buc-ee's knowledge and the availability of a feasible alternative bears directly on that allocation.

If a jury resolved these disputes in Carrell's favor, it could find that she was looking where she was walking and that she drifted toward her car rather than walking into the parking space inattentively.  The jury could also find that Buc-ee's knew the wheel stop posed a hazard and that it could have replaced it with a safer alternative.  On those facts, the jury could reasonably conclude that Carrell was less than fifty percent at fault.  This is not one of the rare cases in which the Court can take the comparative fault question from the jury.  LaRue, 966 S.W.2d at 427; Lundell, 2020 WL 6867229, at *15; Jones, 2026 WL 36268, at *6.

Buc-ee's reliance on Full v. Buc-ee's Georgia, LLC, 2025 WL 3254887 (N.D. Ga. May 23, 2025) is misplaced.  Though Full involved similar facts, it applied Georgia's "plain view"

doctrine, which treats an open-and-obvious hazard as extinguishing the plaintiff's recovery altogether.  <u>Full</u>, 2025 WL 3254887, at *3.  Tennessee, by contrast, folds open-and-obviousness into the fault allocation.  <u>Coln</u>, 966 S.W.2d at 43.  Even if the wheel stop was open and obvious, a jury could still find Carrell less than fifty percent at fault.

Allocating fault between Carrell and Buc-ee's requires resolving factual disputes that belong to the jury.  Buc-ee's motion for summary judgment on Carrell's negligence claim will be denied.

### C.      Buc-ee's Has Not Carried its Burden on Punitive Damages

Buc-ee's seeks summary judgment on Carrell's request for punitive damages.  It argues that Tennessee's punitive damages statute, which bars punitive damages when the defendant shows by a preponderance of the evidence that it substantially complied with federal and state regulations "setting forth specific standards applicable to the activity in question and intended to protect a class of persons or entities that includes the plaintiff" applies here.  Tenn. Code Ann. § 29-39-104(e).  Buc-ee's reasons that it was in compliance with two regulations: the 2010 ADA Standards for Accessible Design and the 2018 International Building Code.  (Doc. No. 64 at 12-13).  The dispute centers on whether Carrell was within the class of persons intended to be protected by those regulations.  Buc-ee's contends that she was because the regulations are intended to protect the general public.  (<u>Id.</u> at 13-14).  Carrell contends that she was not because the ADA Standards are intended to protect people with disabilities, and she has none.  (Doc. No. 70 at 23).  She further contends that the IBC has been adopted by the City of Crossville but not the State of Tennessee, so it does not qualify as a state regulation under the punitive damages statute.  (<u>Id.</u> at 24).

Whether the regulations Buc-ee's relies on are intended to protect Carrell is a question of law.  Reasonable interpretations cut both ways.  The ADA and International Building Code can be read to protect people with disabilities, with only incidental benefit to others.  They can also be

read to protect the general public.  Neither party cites any authority.  Buc-ee's bears the burden to show by a preponderance of the evidence that Carrell was within the class of persons the regulations were intended to protect.  Tenn. Code Ann. § 29-39-104(e).  Buc-ee's has not carried that burden.  The motion for summary judgment on Carrell's request for punitive damages will be denied.

## IV.    CONCLUSION

For the reasons set forth above, the Court will deny the motion for summary judgment (Doc. No. 63).  The motion to strike (Doc. No. 73) will be denied as moot.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE