UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| LISA CARRELL, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) No. 2:24–cv–00080 |
| v. | ) |
| | ) JUDGE CRENSHAW |
| BUC-EE'S TENNESSEE, LLC and | ) MAGISTRATE JUDGE EVANS |
| BUC-EE'S, LTD., | ) |
| | ) JURY DEMAND |
| *Defendants.* | ) |

**DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM OF LAW
TO EXCLUDE PLAINTIFF'S EXPERT DR. JAMES RUBRIGHT**

Defendants Buc-ee's Tennessee, LLC and Buc-ee's, Ltd. respectfully move this

Court to enter an order precluding Plaintiff Lisa Carrell's non-retained expert, Dr.

James Rubright, from offering testimony at trial.

## INTRODUCTION

Plaintiff disclosed her treating physician, Dr. Rubright, as a non-retained

expert witness who will testify to the nature of Plaintiff's injuries and her economic

damages. But Defendants do not challenge Plaintiff's injuries, her course of

treatment, or her $38,181.42 in past medical expenses, and no future medical

expenses are at issue. Because Defendants concede these facts, Dr. Rubright's

testimony has no tendency to make any fact of consequence more or less probable

than it would be without his testimony. Instead, his testimony would consume time,

invite juror sympathy on undisputed facts, and add nothing to the jury's

understanding of the issues it must actually decide. For these reasons, Dr. Rubright's

1

testimony should be excluded as irrelevant under Federal Rules of Evidence 401 and 402, unhelpful under Rule 702, and needlessly cumulative and prejudicial under Rule 403.

## LEGAL STANDARD

Under Federal Rule of Evidence 702 and *Daubert*, district courts have "gatekeeping" responsibility to screen proffered expert testimony to ensure that it "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). District courts in this Circuit "must exercise [their] gatekeeping function 'with heightened care,'" *Neal v. Fort*, No. 3:15-cv-0425, 2017 WL 455499, at *2 (M.D. Tenn. Jan. 20, 2017) (quoting *United States v. Cunningham*, 679 F.3d 355, 380 (6th Cir. 2012)), and "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Even expert testimony that passes muster under Rule 702 and *Daubert* may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403; *United States v. Semrau*, 693 F.3d 510, 523 (6th Cir. 2012) (describing Rule 403 as a basis to exclude evidence that is "independent of" Rule 702 and *Daubert*). Just as when considering Rule 702 and *Daubert*, "[a] district court has 'very broad' discretion in making [the Rule 403] determination." *Semrau*, 693 F.3d at 523.

2

<u>**ARGUMENT**</u>

**I.     Dr. Rubright should be excluded because his testimony on undisputed issues is irrelevant and unhelpful to the jury.**

Dr. Rubright does not and cannot offer testimony on issues that remain to be decided, and thus, his testimony on undisputed issues is neither relevant nor helpful. Expert testimony must be relevant to be admissible. *Johnson v. Manitowoc Boom Trucks, Inc.*, 406 F. Supp. 2d 852, 859 (M.D. Tenn. 2005), *aff'd*, 484 F.3d 426 (6th Cir. 2007); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Relevance requires that the proposed expert testimony be relevant to the task at hand—there should exist a proper "fit" between the inquiry in the case and the testimony. *Id.* The fit requirement directs the court to focus on whether an expert's qualifications provide a foundation for a witness to answer a specific question. *Id.* The relevancy requirement stems from the mandate of Rule 702 that the testimony should "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; accord *Johnson*, 406 F. Supp. 2d at 859 (citing *Daubert*, 509 U.S. at 591). Indeed, "[i]n assessing relevance. . . the district court must examine 'whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.'" *Conwood Co., L.P. v. U.S. Tobacco Co.*, 290 F.3d 768, 792 (6th Cir. 2002) (*quoting Jahn*, 233 F.3d at 388).

Dr. Rubright's proposed expert testimony is not relevant and is unhelpful to

3

the jury. Dr. Rubright intends to offer testimony regarding Plaintiff's injury. Ex. 1 (Rubright Disclosure). Dr. Rubright will testify to Plaintiff's right ring and middle finger injuries, required surgery, and post-surgical therapy. *Id.* But Defendants do not dispute Plaintiff's injuries, treatment, or her admitted $38,181.42 in economic damages. Because Defendants do not contest these facts, Dr. Rubright's testimony on them has no "fit" with any live issue in the case. Accordingly, Dr. Rubright's testimony fails the relevance and helpfulness requirements of Rules 401 and 702 and should be excluded.

## II.  Dr. Rubright should be excluded because any probative value of his cumulative testimony is substantially outweighed by the danger of wasting time and misleading the jury.

Any nominal probative value of Dr. Rubright's testimony is outweighed by its prejudice as cumulative and unnecessary evidence that is likely to waste time and mislead the jury. Even if evidence provides some probative value, under Rule 403, a "court may exclude relevant evidence if its probative value is substantially outweighed by danger of . . .unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When the potential for confusing or misleading the jury significantly outweighs the probative value of expert testimony, exclusion under Rule 403 is appropriate. *Id.*

Courts apply Rule 403 with particular care to expert testimony, because "expert testimony may be assigned talismanic significance in the eyes of lay jurors." *United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004) (en banc); *see also*

*Johnson*, 406 F. Supp. 2d at 859. Indeed, the need for a thorough Rule 403 analysis of expert testimony is particularly important, because "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403. . . exercises more control over experts than lay witnesses." *Daubert,* 509 U.S. at 595 (citation omitted).

Here, Dr. Rubright's testimony fails to satisfy the balancing test laid out by Rule 403. Presenting evidence of undisputed facts through expert testimony is precisely the "needlessly. . . cumulative evidence" that Rule 403 is designed to prevent. Dr. Rubright's testimony on Plaintiff's undisputed injuries, treatment, and $38,181.42 in economic damages would consume trial time to establish facts the jury has already been told to accept. Beyond being cumulative, permitting Dr. Rubright to testify poses a risk of unfair prejudice to Defendants. Jurors routinely give experts like Dr. Rubright heightened credibility. *See Frazier*, 387 F.3d at 1263. Presenting evidence of Plaintiff's injuries and damages, which Defendants do not contest, through a medical expert, risks generating juror sympathy disproportionate to the legal questions at issue. Given the low probative value of Dr. Rubright's testimony and high likelihood that it will mislead the jury, this Court should exercise its "very broad" discretion to exclude Dr. Rubright under Rule 403. *Semrau*, 693 F.3d at 523.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should exclude Dr. Rubright from testifying at trial.

## <u>LOCAL RULE 7.01(a)(1) CERTIFICATION</u>

Consistent with L.R. 7.01(a)(1), Defendants' counsel conferred with Plaintiff's counsel regarding this Motion. Plaintiff's counsel indicated that Plaintiff opposes the relief requested in this Motion.


Respectfully submitted,


s/ Marlee G. Sacks
R. Brandon Bundren (BPR #30985)
Marlee G. Sacks (BPR #42072)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: 615.244.2582
F: 615.252.6380
bbundren@bradley.com
msacks@bradley.com

Steven M. Fernelius (*pro hac vice* pending)
Bradley Arant Boult Cummings LLP
600 Travis Street, Suite 5600
Houston, Texas 77002
P: 713.576.0319
sfernelius@bradley.com

*Attorneys for Buc-ee's Tennessee, LLC and Buc-ee's, Ltd.*

6

## CERTIFICATE OF SERVICE

I certify that on May 29, 2026, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court Middle District of Tennessee, through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

Neal Agee, Jr. (neal@ageefirm.com)
AGEE & TINSLEY

Tyler Chance Yarbro (tyarboro@dodsonparker.com)
DODSON PARKER BEHM & CAPPARELLA, PC

*Attorneys for Plaintiff*

s/ Marlee G. Sacks
Marlee G. Sacks

7