LISA CARRELL,  )
    )
    *Plaintiff,*  )
    )  No. 2:24–cv–00080
v.  )
    )  JUDGE CRENSHAW
BUC-EE'S TENNESSEE, LLC and  )  MAGISTRATE JUDGE EVANS
BUC-EE'S, LTD.,  )
    )  JURY DEMAND
    *Defendants.*  )

### DEFENDANT'S MOTION AND SUPPORTING MEMORANDUM TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT ROBERT E. STAMMER, JR.

Defendants Buc-ee's Tennessee, LLC and Buc-ee's, LTD (collectively "Buc-ee's") respectfully move this Court for an order excluding the testimony of Plaintiff's expert, Dr. Robert E. Stammer, Jr.

### INTRODUCTION

Dr. Stammer offers improper narrative opinions and speculation on Buc-ee's state of mind that are not only unhelpful to the jury but usurp its role in deciding the ultimate issues in this case. *First*, Dr. Stammer offers opinions that require no engineering expertise, lack technical knowledge, and are self-evident to any lay person. By opining that Buc-ee's wheel stops were not necessary under ADA regulations, Dr. Stammer merely parrots plainly understood guidelines. *Second*, Dr. Stammer's testimony is excludable as an unnecessary regurgitation of the factual record. The jury should receive the facts through the testimony and documents themselves and draw their own conclusions based on the objective evidence in this

1

case. *Third*, Dr. Stammer speculates on what Buc-ee's "knew" or was "aware." Dr. Stammer's efforts to editorialize Buc-ee's state of mind are not within the ambit of proper expert witness testimony. *Still*, other opinions are individually excludable as irrelevant.

In addition to the substantive impropriety of his testimony, Dr. Stammer's supplemental report must be excluded as procedurally improper, having been served more than six months after Plaintiff's expert disclosure deadline without leave of court or a showing of good cause. For these reasons, the Court should exercise its authority to both prohibit Plaintiff from circumventing this Court's procedural requirements and act as a gatekeeper to preclude Dr. Stammer from offering unhelpful opinions and invading the jury's role in interpreting the evidence and drawing its own inferences.

## BACKGROUND

Plaintiff filed this action after tripping over a wheel stop in the Crossville, Tennessee Buc-ee's parking lot. Pl's Amend. Compl. ¶ 17. Plaintiff alleges that Buc-ee's was negligent, causing her injury. *Id.* at ¶ 44. Specifically, Plaintiff alleges Buc-ee's should have removed the wheel stops that caused her injury. *Id.* at ¶ 37. To show Buc-ee's should have removed the wheel stop, Plaintiff partially relies on the expert testimony of Robert E. Stammer, Jr. Dr. Stammer is a transportation engineer licensed in Tennessee. Ex. 1 (Stammer Report) at 1–2.

Based on his engineering expertise, Dr. Stammer's report provides his expert "Opinions regarding this pedestrian fall." *Id.* at 1. Specifically, Dr. Stammer offers

nine "opinions" in his report: (1) that Buc-ee's wheel stops "were not required," (2) the existing "bollard was a safer alternative to the wheel stop," (3) the wheel stops were "a pedestrian hazard" in a "foreseeable pedestrian path," (4) Buc-ee's had knowledge that wheel stops "were trip and fall hazards" before the Crossville store opened, (5) "Buc-ee's had knowledge the wheel stops . . . in Crossville were a trip and fall hazard" before Plaintiff's injury, (6) the wheel stops' "red and white tape failed to correct the problem," (7) the wheel stops "in Crossville and at other stores are still in place and are continuing to cause injuries," (8) the declaration of Donald D. Elswick is incorrect, and (9) Buc-ee's "Safety Policies are questionable, vague as to individual responsibilities and reporting procedures." *Id.* at 25–46.

## LEGAL STANDARD

Under Federal Rule of Evidence 702 and *Daubert*, district courts have "gatekeeping" responsibility to screen proffered expert testimony to ensure that it "is not only relevant, but reliable," *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993), and will "assist the trier of fact." *United States v. Jones*, 107 F.3d 1147, 1156 (6th Cir. 1997). District courts in this Circuit "must exercise [their] gatekeeping function 'with heightened care.'" *Neal v. Fort*, No. 3:15-cv-0425, 2017 WL 455499, at *2 (M.D. Tenn. Jan. 20, 2017) (quoting *United States v. Cunningham*, 679 F.3d 355, 380 (6th Cir. 2012)). Expert testimony is admissible only if: (1) the expert is qualified to testify competently on the topic at issue; (2) the methodology used by the expert is sufficiently reliable; and (3) the testimony will assist the trier of fact. *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008); Fed. R. Evid. 702. The

3

burden of proving each of these three elements rests on the party proffering the expert. *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000).

Even expert testimony that passes muster under Rule 702 and *Daubert* may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403; *United States v. Semrau*, 693 F.3d 510, 523 (6th Cir. 2012) (describing Rule 403 as a basis to exclude evidence that is "independent of" Rule 702 and *Daubert*). Just as when considering Rule 702 and *Daubert*, "[a] district court has 'very broad' discretion in making [the Rule 403] determination." *Semrau*, 693 F.3d at 523. Under this standard, Dr. Stammer's testimony should be excluded.

## ARGUMENT

**I.      Dr. Stammer should be excluded because he offers only nontechnical, narrative, and speculative testimony.**

### A. Dr. Stammer offers nontechnical opinions that are unhelpful to the jury.

Rule 702 requires that the proffered testimony "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). "[E]xpert testimony does not assist where the jury has no need for an opinion because it easily can be derived from common sense, common experience, the jury's own perceptions, or simple logic." *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006) (quoting *United States v. Corey*, 207 F.3d 84, 97 n.12 (1st Cir. 2000)). Stated another way, "[u]nhelpful expert testimony consists of minimal application of

4

specialized knowledge or analysis and arrives at conclusions that jurors could reach themselves." *Jones v. Dick's Sporting Goods, Inc.*, No. 1:24-CV-619, 2026 WL 936398, at *5 (N.D. Ohio Apr. 7, 2026).

Here, Dr. Stammer's opinions are not helpful to the jury because they are nontechnical conclusions, requiring no expert knowledge, and constitute conclusions that jurors can reach themselves. Starting with his first opinion, Dr. Stammer regurgitates the ADA standard, then points out wheel stops are not mentioned in the standard. Ex. 1 (Stammer Report) at 25–27. The jury is more than capable of reading an ADA regulation and deducing that the words "wheel stop" are not mentioned—no expertise is required to reach Dr. Stammer's conclusion. Dr. Stammer's second and third opinions likewise narrate quotes from regulations and guidelines, then proceed to state whether Buc-ee's conduct aligned with those guidelines. *Id.* at 27–30. These ADA standards and guidelines are plainly written and their application to this case is well within the jury's common knowledge. For example, they read: "8.1 Parking lots should be designed to avoid the use of wheel stops" and "[w]heel stops shall not be placed in a pedestrian walkway." *Id.* at 27, 30. After quoting such language, Dr. Stammer's "expert opinions" draw conclusions a jury can make, like "[r]emoving the wheel stops . . . would have totally eliminated customer injuries over wheel stops" and "customers utilized parking spaces as a pedestrian path." *Id.* at 27, 30.

Importantly, Dr. Stammer's opinions lack any scientific or technical knowledge to help the jury understand any fact at issue. And expert testimony is unhelpful when it consists solely of "factual findings, statutory identification, and connection between

5

the two." *Jones*, 2026 WL 936398, at 6. Indeed, for Dr. Stammer's opinions to be helpful, they "must be related to his engineering expertise." *Twin K Constr., Inc. v. UMA, Geotechnical Constr., Inc.*, 597 F. Supp. 3d 1204, 1214 (E.D. Tenn. 2022). Dr. Stammer's engineering expertise is not used when he is just "[r]eading documents exchanged in [a] case and rendering opinions based on what the documents state." *Twin K Constr.*, 597 F. Supp. 3d at 1215. The bulk of Dr. Stammer's opinions are just that: a review of documents, testimony, and pictures with no expert analysis.

Dr. Stammer's failure to provide any meaningful engineering analysis makes sense—the jury is more than capable of comparing simple, nontechnical facts to plainly written guidelines. Dr. Stammer's fourth, fifth, seventh, and ninth opinions do nothing more than list straight-forward facts and state a layman's conclusion—a task well within the province of the jury. For instance, it does not require an expert to read a Buc-ee's trip and fall report and decide if Buc-ee's "had knowledge" of alleged hazards. Ex. 1 (Stammer Report) at 30–33. Similarly, Dr. Stammer's sixth opinion states that the wheel stops' "red and white tape failed to correct the problem." *Id.* at 33. Dr. Stammer's basis for this opinion is that "[y]ellow or orange are warning colors." *Id.* at 33–36. But the jury is more than capable of reviewing a picture of the wheel stop and deciding whether Plaintiff had adequate warning without an expert implying that nontechnical conclusion for them.

Dr. Stammer's opinions follow a predictable formula that merits exclusion: list out nontechnical facts or rules to arrive at an unhelpful nontechnical conclusion. Missing from this formula is any real or meaningful engineering analysis. His

6

conclusions fall well within the purview of the jury, while running the very risk that Rule 702 seeks to prevent—admitting "[u]nhelpful expert testimony" that "creates the danger that a jury may unnecessarily defer to the judgment of a highly credentialed expert." *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 12748012, *1 (N.D. Ohio July 16, 2015). Accordingly, Dr. Stammer's testimony should be excluded.

**B. Dr. Stammer's opinions are a reiteration of the record that is unhelpful to the jury.**

Dr. Stammer's opinions are also excludable as an unhelpful factual narration. "A history without any expert analysis or other application of the expert's expertise is simply a factual narrative that should be presented to the jury directly." *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, 546 F. Supp. 3d 666, 677 (S.D. Ohio 2021) (quotations omitted); Fed. R. Evid. 702. Such "[e]xpert testimony which merely regurgitates factual information that is better presented directly to the jury . . . should be excluded." *Univ. of Tenn. Rsch. Found. v. Caelum Biosciences, Inc.*, No. 3:19-CV-508-CEA-DCP, 2024 WL 3249314, at *6 (E.D. Tenn. June 28, 2024) (quotations omitted).

Here, much of Dr. Stammer's "Expert Statement and Opinions" section merely summarizes or regurgitates deposition testimony and other facts. Ex. 1 (Stammer Report) at 24–47. To illustrate, Dr. Stammer's fifth opinion consists almost exclusively of facts from the record. *Id.* at 32–33. Dr. Stammer offers only one sentence attempting to make some analysis: "[p]lacing the red and white tape on the wheel stops did not stop the falls." *Id.* at 33. Dr. Stammer's ninth opinion similarly

7

lacks any explanation; instead, Dr. Stammer lists out other testimony with no analysis. *Id.* at 46–47. These are not expert opinions; they are a repetition of the factual record. While an expert may present facts to "contextualize, analyze, and interpret" their opinions, *In re Davol*, 546 F. Supp. at 678, Dr. Stammer cannot meet this exception. Instead, Dr. Stammer's third, fourth, sixth, seventh, and eighth opinions consist almost exclusively factual narration with little, if any, analysis. *Id.* at 30–47. These opinions should be excluded so the facts may be "presented to the jury directly." Ex. 1 (Stammer Report) at 30–47; *In re Davol*, 546 F. Supp. at 677 (quotations omitted).

### C. Dr. Stammer's opinions constitute improper speculation about Buc-ee's state of mind.

Dr. Stammer should further be excluded because he improperly speculates about Buc-ee's state of mind. Expert opinion on the "intent, motives or states of mind of corporations" is improper and should be excluded has having "no basis in any relevant body of knowledge or expertise." *In re Davol*, 546 F. Supp. at 677 (internal quotations omitted); *Lucio v. Levy Env't Servs. Co.*, 173 F. Supp. 3d 558, 565 (N.D. Ohio), *aff'd*, 670 F. App'x 889 (6th Cir. 2016). An expert cannot reliably infer that Buc-ee's "knew a fact or made a decision for a particular reason." *In re Davol*, 546 F. Supp. at 677. "Allowing an expert to testify as to a party's state of mind substitutes the opinion of the expert for the judgment of the jury." *Avila v. Ford Motor Co.*, 796 F. Supp. 3d 593, 597 (N.D. Cal. 2025) (internal quotation omitted).

Despite the uncontroversial and well-established rule excluding state of mind or intent opinions, Dr. Stammer, without support, repeatedly offers conclusions about

what Buc-ee's "knew," or matters of which it was "aware." Indeed, another court has excluded similar opinions offered by Dr. Stammer. *Mershon v. HPT TA Props. Tr.*, No. M2023-01334-COA-R3-CV, 2024 WL 4471404, at *5–6 (Tenn. Ct. App. Oct. 11, 2024) (excluding Dr. Stammer's testimony on an individual's state of mind for lacking "basis in fact"). Here, Dr. Stammer's third, fourth, and fifth opinions all improperly speculate on Buc-ee's state of mind. Ex. 1 (Stammer Report) at 30–33. Dr. Stammers third opinion speculates that "Buc-ee's had actual knowledge customers utilized parking spaces as a pedestrian path," and his fourth and fifth opinions both state "Buc-ee's had knowledge" that the wheel stops were "trip and fall hazards." *Id.* at 30, 32. These opinions and any others about Buc-ee's purported mental state must be excluded because they are not "expert" testimony permitted by Rule 702. "The jury is perfectly capable of reviewing relevant evidence and testimony presented by the parties and then drawing its own inferences as to state of mind." *Avila*, 796 F. Supp. 3d at 597 (internal quotations omitted). Accordingly, Dr. Stammer's third, fourth, and fifth opinions should be excluded on these grounds.

**D. Dr. Stammer's seventh opinion is irrelevant to this trial.**

Dr. Stammer's seventh opinion should be barred as irrelevant for discussing the 388 injury reports that occurred after the Plaintiff's injury. Ex. 1 (Stammer Report) at 37. Under Tennessee law, cases where punitive damages are sought must be bifurcated upon a defendant's motion. *Culbreath v. First Tenn. Bank Nat. Ass'n*, 44 S.W.3d 518, 527 (Tenn. 2001). Federal courts sitting in diversity and "applying Tennessee law have regularly bifurcated trials" where punitive damages are sought.

*Consol. Indus., LLC v. Maupin*, No. 1:22-CV-01230-STA-JAY, 2025 WL 2054372, at *1 (W.D. Tenn. July 22, 2025). When the trial is bifurcated, liability is determined in the first hearing and amount is determined in the second. *Culbreath*, 44 S.W.3d at 527.

Defendants have asked this Court to bifurcate the trial. *See generally* Defs.' Mot. *in Limine* No. 2. And incidents after the Plaintiff's injury only have probative value, if ever, after an initial determination of liability is made when the jury evaluates the amount of punitive damages, not punitive liability. *See generally* Defs.' Mot. *in Limine* No. 5. This is because subsequent accidents have "no bearing on whether [the defendants were] deliberately indifferent." *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 699 (6th Cir. 2006). Accordingly, if the trial is bifurcated, as it should be, Dr. Stammer's seventh opinion should be excluded as irrelevant.

## II. Dr. Stammer's supplemental report should be excluded because it is procedurally improper.

The Court should specifically exclude Dr. Stammer's supplemental report as procedurally improper. On May 21, 2026, Plaintiff's counsel served a supplement to Dr. Stammer's expert report. But Plaintiff lacked any authority to do so. Plaintiff's deadline to identify and disclose all expert witnesses and expert reports was November 3, 2025. Doc. 33, PageID #221. The operative Case Management Order provides "no supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown." *Id.* And this Court's Local Rule

10

39.01(c)(5) enforces the same requirement, explicitly forbidding supplementation after the deadline without leave of court.

Plaintiff did not seek leave of court or demonstrate good cause to submit a supplemental expert report. Instead, Plaintiff served Dr. Stammer's supplemental report more than six months after her deadline to disclose all expert reports. Permitting Dr. Stammer's supplemental report, in contravention of this Court's scheduling order and Local Rules, "would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). Accordingly, Dr. Stammer's supplemental report should be excluded.

## <u>CONCLUSION</u>

For these reasons, the Court should exclude the testimony of Dr. Stammer.

11

# LOCAL RULE 7.01(a)(1) CERTIFICATION

Consistent with L.R. 7.01(a)(1), Defendants' counsel conferred with Plaintiff's counsel regarding this Motion. Plaintiff's counsel indicated that Plaintiff opposes the relief requested in this Motion.

Respectfully submitted,

s/ Marlee G. Sacks
R. Brandon Bundren (BPR #30985)
Marlee G. Sacks (BPR #42072)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
P: 615.244.2582
F: 615.252.6380
bbundren@bradley.com
msacks@bradley.com

Steven M. Fernelius (*pro hac vice* pending)
Bradley Arant Boult Cummings LLP
600 Travis Street, Suite 5600
Houston, Texas 77002
P: 713.576.0319
sfernelius@bradley.com

*Attorneys for Buc-ee's Tennessee, LLC and Buc-ee's, Ltd.*

12

**CERTIFICATE OF SERVICE**

I certify that on May 29, 2026, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court Middle District of Tennessee, through the Court's Electronic Case Filing System, which will automatically serve all counsel of record listed below:

Neal Agee, Jr. (neal@ageefirm.com)
AGEE & TINSLEY

Tyler Chance Yarbro (tyarboro@dodsonparker.com)
DODSON PARKER BEHM & CAPPARELLA, PC

*Attorneys for Plaintiff*

s/ Marlee G. Sacks
Marlee G. Sacks

13